1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
GLENN DALGLIESH, *et al.*,                )        Case No. C11-2022RSL
                                                    )
                          Plaintiffs,            )
          v.                                      )
                                                    )        ORDER GRANTING
EVERHOME MORTGAGE COMPANY,    )        DEFENDANT'S MOTION FOR
                                                    )        SUMMARY JUDGMENT
                          Defendant.            )
_____)

This matter comes before the Court on "Defendant's Motion for Summary Judgment." Dkt. # 11.  Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law.  L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).  The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).  The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor. U.S. v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

**BACKGROUND**

On April 1, 2009, plaintiffs borrowed money from American Mortgage, Inc. Decl. of Kim McManus (Dkt. # 12), Ex. B. The Truth-in-Lending Disclosure Statement provided to the borrowers included the annual percentage rate (4.789%), the amount financed ($302,188.31), the number of payments and the amount of each (359 payments of $1,583.55 and 1 payment of $1,583.57), the frequency and timing of each payment (monthly beginning on June 1, 2009, with the last payment due on or about May 1, 2039), the finance charge ($267,889.71), and the total amount of payments over the life of the loan ($570,078.02). Decl. of Kim McManus (Dkt. # 12), Ex. E at 1. Both plaintiffs signed a "Notice of Right to Cancel" at closing (Decl. of Kim McManus (Dkt. # 12), Exs. C and D), but there is no indication that they received a copy of the signed documents. They did, however, each receive an unsigned copy of the notice.

Ownership of the loan was transferred from American Mortgage, Inc., to Flagstar Bank on or before June 1, 2009. Complaint (Dkt. # 1) at ¶ 4. EverHome Mortgage Company, the defendant in this action, took over the servicing of plaintiffs' loan effective April 1, 2010. Decl. of Kim McManus (Dkt. # 12), Ex. G. Plaintiffs were not in default as of that date. Decl. of Kim McManus (Dkt. # 12), Ex. H.

On January 3, 2011, plaintiffs disputed the total amount owed on the loan and sent EverHome written requests for information regarding payments made, the escrow account, fees associated with the loan, present and past holders of the note, and the payoff amount. Decl. of Kim McManus (Dkt. # 12), Ex. O. Similar requests were made in March and August of 2011.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT          -2-

1   Decl. of Kim McManus (Dkt. # 12), Exs. M and Q.  EverHome responded to each inquiry.  Decl.

2   of Kim McManus (Dkt. # 12), Exs. N, P, and R.  On or about the date of plaintiffs' last request

3   for information, they also sent to the original lender, its assignee, and EverHome a "Notice of

4   Claim for Rescission and Tender" in which they claimed a statutory right to rescind the

5   mortgage transaction under the Truth in Lending Act ("TILA").  Plaintiffs specifically offered to

6   make "the money, the home, or its reasonable value" available to their creditors at the subject

7   property on September 6, 2011, between the hours of 1:00-4:00 pm.  Decl. of Glenn Dalgliesh

8   (Dkt. # 18), Ex. D.

9           On December 7, 2011, plaintiffs filed this action against EverHome alleging

10  violations of TILA, the Real Estate Settlement Procedure Act ("RESPA"), the Fair Debt

11  Collection Practices Act ("FDCPA"),[1] and the Washington Consumer Protection Act ("CPA").

12  In addition, plaintiffs assert claims for declaratory judgment, quiet title, and slander of title.

13                                  **DISCUSSION**

14  **A.  Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.**

15          Plaintiffs allege that EverHome failed to disclose the total number of payments

16  under the loan and failed to provide each borrower with original, signed copies of the Notice of

17  Right to Cancel.  EverHome was not, however, involved with the original loan transaction in

18  April 2009, and plaintiffs have not offered any theory under which EverHome could be held

19  liable for the alleged faults of American Mortgage, Inc.  The duties to disclose "[t]he number,

20  amount, and due dates or period of payments scheduled to repay the total of payments" (15

21  U.S.C. § 1638(a)(6)) and to "deliver two copies of the notice of the right to rescind to each

22  consumer entitled to rescind" (12 C.F.R. § 226.23(b)(1)) are imposed on the "creditor."  A

23

24          [1] One of the two causes of action based on violations of the FDCPA is asserted against an entity
25  that is not a defendant here, Mortgage Electronic Registration Systems, Inc.  That claim is not properly
    before the Court and has not been considered.
26

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT          -3-

1 "creditor" under TILA refers only to a person who both regularly extends consumer credit and is

2 initially entitled to payments on the debt. 15 U.S.C. § 1602(g). Although a creditor's liability

3 may extend to its assignee in certain circumstances (15 U.S.C. § 1641(a)), a servicer of a

4 consumer debt "shall not be treated as an assignee of such obligation for purposes of this section

5 unless the servicer is or was the owner of the obligation" (15 U.S.C. § 1641(f)(1)). Plaintiffs

6 have failed to come forward with any evidence suggesting that EverHome was a "creditor" at the

7 time the loan initiated or that it thereafter became the owner, rather than merely the servicer, of

8 the obligation. Their TILA claims therefore fail as a matter of law.

9 **B.  Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*.**

10         Plaintiffs allege that EverHome improperly charged an excessive notary fee at

11 closing. Even if the Court assumes that the conduct alleged by plaintiffs constitutes a kickback

12 or fee-splitting under 12 U.S.C. § 2607, any liability for that conduct would be imposed upon

13 American Mortgage, Inc., and/or the notary who accepted payment, not EverHome. Although

14 RESPA does impose certain obligations and limitations on a post-origination loan servicer such

15 as EverHome (see, e.g., 12 U.S.C. § 2605(c)-(e) and § 2601), it does not impose any obligations

16 related to the closing. In addition, any claim based on a violation of 12 U.S.C. § 2607 must be

17 brought within one year of the date of the violation. Because plaintiffs waited more than two

18 and a half years after the allegedly improper fees were collected and dispersed to file suit, this

19 claim is time-barred.

20         RESPA also requires lenders and loan servicers to timely respond to Qualified

21 Written Requests ("QWRs") from borrowers. Within 30 days after receiving a QWR, the

22 servicer must provide the borrower with a written response that includes the information

23 requested by the borrower or an explanation of why the information is unavailable or cannot be

24

25

26

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT      -4-

1    obtained by the servicer.  12 U.S.C. § 2605(e)(2)(C).[2]  Plaintiffs sent multiple written requests

2    for information to EverHome, but they allege that EverHome violated 12 U.S.C. § 2605(e) only

3    in responding to their August 15, 2011, inquiries.  Complaint (Dkt. # 1) at ¶ 52.  By implication,

4    plaintiffs concede that EverHome's responses to their inquiries in January and March 2011 were

5    sufficient.

6            The Court will assume, for purposes of this motion, that one or more of the August

7    15, 2011, letters was a "qualified written request" and that EverHome failed to provide all of the

8    information requested by the borrowers or an explanation of why the information could not be

9    provided.  Nevertheless, plaintiffs' RESPA claim fails as a matter of law.  In the absence of

10   evidence of a pattern or practice of noncompliance with the requirements of RESPA, plaintiffs

11   must provide evidence of actual damages arising from the failure to provide all of the

12   information requested on or about August 15, 2011.  12 U.S.C. § 2605(f)(1).  Plaintiffs have not

13   raised a genuine issue of fact regarding this element of their RESPA claim.

14   **C.  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692,** *et seq.*

15           Plaintiffs allege that EverHome attempted to collect money from them when it was

16   not entitled to do so, thereby violating the FDCPA.  The FDCPA applies to "debt collectors," a

17   term that does not include "any person collecting or attempting to collect any debt owed or due

18   or asserted to be owed or due to another to the extent such activity . . . (iii) concerns a debt

19   which was not in default at the time it was obtained by such person . . . ."  15 U.S.C.

20   § 1692a(6)(F).  It is undisputed that plaintiffs were not in default when EverHome took over the

21   servicing of plaintiffs' loan.  Thus, EverHome is not a debt collector for purposes of the

22

23

24

25           [2]  The Dodd Frank Act, Pub. L. 111-203, Title XIV, § 1400(c) and § 1463(b) (July 21, 2010),
     shortened the time periods in which the lender had to respond from 60 days to 30 days.

26
     ORDER GRANTING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT          -5-

1    FDCPA.[3]

2    **D.  Other Causes of Action**

3            Plaintiffs' Washington Consumer Protection Act ("CPA"), declaratory judgment,

4    quiet title, and slander of title claims are all based on the assertion that plaintiffs validly rescinded

5    the loan transaction in August 2011, more than two years after closing.  TILA provides borrowers

6    a window in which to rescind, lasting "until midnight of the third business day following

7    consummation, delivery of the notice [of right to rescind], or delivery of all material disclosures,

8    whichever occurs last."  12 C.F.R. § 226.23(a)(3).  Although plaintiffs' transaction closed on

9    April 1, 2009, they argue that their rescission period remains open because the closing agent did

10   not provide them with "two original, signed copies" of the notices of right to cancel.  Decl. of

11   Glenn Dalgliesh (Dkt. # 18) at ¶ 18.[4]

12           Plaintiffs misapprehend the regulatory requirements.  The regulation on which

13   plaintiffs rely states:

14           Notice of right to rescind.  In a transaction subject to rescission, a creditor shall
             deliver two copies of the notice of the right to rescind to each consumer entitled to
15           rescind (one copy to each if the notice is delivered in electronic form in accordance
             with the consumer consent and other applicable provisions of the E-Sign Act).
16

17   12 C.F.R. § 226.23(b)(1).  Contrary to plaintiffs' argument, the regulation does not require that

18   the creditor deliver original, signed copies of the notice.  Providing a blank copy which fully and

19

20   _____

21           [3]  In their complaint, plaintiffs assert that, even if EverHome is not a "debt collector" as defined
     in the statute, it is precluded from furnishing deceptive forms.  Complaint (Dkt. # 1) at ¶ 145.  Plaintiffs
22   have not, however, identified the statutory provision on which they rely or any deceptive forms provided
     by EverHome.

23           [4]  At oral argument, plaintiffs abandoned their assertion that they were somehow precluded from
24   exercising their right to rescind because they did not receive multiple copies of the notice (an argument
     that has not faired well in the Ninth Circuit, see Henderson v. GMAC Mortg. Corp., 2008 WL 1733265
25   (W.D. Wash. Apr. 10, 2008), aff'd, 347 Fed. Appx. 299, 302 (9th Cir. 2009), instead focusing solely on
     the fact that the copies left by the escrow agent were unsigned.

26
     ORDER GRANTING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT              -6-

adequately notifies the borrower of his or her right to rescind is sufficient.  Because it is
undisputed that each borrower signed one copy of the notice of right to rescind and received a
copy of the unsigned notice at closing, the period for rescission expired at midnight on April 4,
2009.  Plaintiffs' attempts to rescind the transaction in August 2011 were therefore untimely and
ineffective.  Their claims under the CPA and for declaratory judgment, quiet title, and slander of
title fail as a matter of law.


        For all of the foregoing reasons, defendant's motion for summary judgment (Dkt.
# 11) is GRANTED.  The Clerk of Court is directed to enter judgment in favor of defendant and
against plaintiffs.



        Dated this 1st day of November, 2012.

                          _MⱯ S Casnik_
                          Robert S. Lasnik
                          United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT          -7-